IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KESSELEE KANDA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 15-1204-LPS |
| | : | |
| DANA METZGER, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents.[1] | : | |

## MEMORANDUM OPINION

Kesselee Kanda. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

March 25, 2019
Wilmington, Delaware

---

[1]Warden Dana Metzger replaced former Warden David Pierce, an original party to the case. *See* Fed. R. Civ. P. 25(d).

[signature]

STARK, U.S. District Judge:

## I. INTRODUCTION

Presently pending before the Court is Petitioner Kesselee Kanda's ("Petitioner") Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed an Answer in opposition. (D.I. 7) For the reasons discussed, the Court will dismiss the Petition.

## II. BACKGROUND

In August 2011, a Delaware Superior Court jury found Petitioner guilty of eleven counts of second degree burglary, eleven counts of second degree conspiracy, nine counts of theft, five counts of criminal mischief, two counts of possession of a firearm with an obliterated serial number, and one count of receiving a stolen firearm. *See Kanda v. State*, 54 A.3d 256 (Table), 2012 WL 4862590, at *1 (Del. Oct. 12, 2012). Movant moved to dismiss two of the felony theft convictions, which the Superior Court granted. (D.I. 7 at 3) The Superior Court sentenced Petitioner to a total of 143 years and 150 days at Level V incarceration, suspended after eleven and one-half years at Level V incarceration, followed by decreasing levels of supervision. *Id.* The Delaware Supreme Court affirmed Petitioner's convictions and sentence. *See Kanda*, 2012 WL 4862590, at *3.

In November 2012, Petitioner filed a *pro se* motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging ineffective assistance of counsel. The Superior Court appointed conflict counsel ("post-conviction counsel") to represent Petitioner during the Rule 61 proceeding. (D.I. 7 at 3) Post-conviction counsel moved to withdraw. *Id.* On June 27, 2014, a Superior Court Commissioner filed a Report and Recommendation recommending that the Rule 61 motion should be summarily dismissed and that post-conviction counsel's motion to withdraw should be dismissed as moot. (D.I. 10-13 at 14) The Superior Court

adopted the Report and Recommendation on August 14, 2014, and denied the Rule 61 motion. (D.I. 10-13 at 14-15) The Delaware Supreme Court affirmed that decision. *See Kanda v. State*, 108 A.3d 1225 (Table), 2015 WL 518830, at *3 (Del. Feb. 5, 2015).

## III. GOVERNING LEGAL PRINCIPLES

### A. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *see also Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to

consider the claims on their merits. *Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins*, 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines*, 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show "that [the errors at trial] worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). A petitioner demonstrates a miscarriage of justice by showing a "constitutional violation has probably resulted in

3

the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). In order to establish actual innocence, the petitioner must present new reliable evidence – not presented at trial – that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 537-38 (2006); *see also Sweger v. Chesney*, 294 F.3d 506, 522-24 (3d Cir. 2002).

### B. Standard of Review

If a state's highest court adjudicated a federal habeas claim on the merits, the federal court must review the claim under the deferential standard contained in 28 U.S.C. § 2254(d). Pursuant to 28 U.S.C. § 2254(d), federal habeas relief may only be granted if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or the state court's decision was an unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C. § 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001). A claim has been "adjudicated on the merits" for the purposes of 28 U.S.C. § 2254(d) if the state court decision finally resolves the claim on the basis of its substance, rather than on a procedural or some other ground. *See Thomas v. Horn*, 570 F.3d 105, 115 (3d Cir. 2009). The deferential standard of § 2254(d) applies even "when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained by the Supreme Court, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Id.* at 99.

Finally, when reviewing a habeas claim, a federal court must presume that the state court's determinations of factual issues are correct. *See* 28 U.S.C. § 2254(e)(1). This presumption of correctness applies both to explicit and implicit findings of fact, and is only rebutted by clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000); *Miller-El v. Cockrell*, 537 U.S. 322, 341 (2003) (stating that clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas unreasonable application standard of § 2254(d)(2) applies to factual decisions).

## IV. DISCUSSION

Petitioner timely filed the pending § 2254 Petition, asserting that defense counsel provided ineffective assistance by: (1) failing to communicate and share discovery materials, and (2) failing to file a motion to suppress.

### A. Claim One: Ineffective Assistance for Failing to Communicate Discovery Materials

In Claim One, Petitioner contends defense counsel failed to supply him with discovery materials that would have aided him in making an informed decision about proceeding to trial or pleading guilty. Petitioner did not present this Claim to the Delaware Supreme Court on post-conviction appeal, and any attempt by Petitioner to raise Claim One in a new Rule 61 motion would be barred as untimely under Delaware Superior Court Criminal Rule 61(i)(1). *See Folks v. Phelps*, 2009 WL 498008, at *12 (D. Del. Feb. 26, 2009). Consequently, Claim One is deemed exhausted but procedurally barred, and the Court cannot review its merits absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the Claim is not reviewed.

5

Petitioner does not assert, and the Court cannot discern, any reason for his failure to present Claim One to the Delaware Supreme Court on post-conviction appeal. In the absence of cause, the Court does not need to address the issue of prejudice. Additionally, the miscarriage of justice exception does not excuse Petitioner's procedural default, because he has not provided any new reliable evidence of his actual innocence. Accordingly, the Court will deny Claim One as procedurally barred from habeas review.

### B. Claim Two: Ineffective Assistance for Failing to File Suppression Motion

In Claim Two, Petitioner alleges that defense counsel failed to file a motion to suppress the evidence found in his apartment on October 13, 2010 on the basis that the search was performed without a warrant. Petitioner filed copies of two search warrants with his Petition: one warrant dated October 12, 2010, with the address of the apartment scratched out and the description of his co-defendant's car added in handwriting, and the other warrant dated October 14, 2010, with the address of the apartment as the residence to be searched. (D.I. 1 at 16-24) Since the apartment address was scratched out in the October 12, 2010 warrant, Petitioner appears to contend that defense counsel should have filed a motion to suppress the evidence for being illegally seized from the apartment on October 13, 2010. The Superior Court denied this argument as meritless during Petitioner's Rule 61 proceeding, and the Delaware Supreme Court affirmed that decision. *See Kanda*, 2015 WL 518830, at *3. Consequently, Petitioner will only be entitled to relief if the Delaware Supreme Court's decision was either contrary to, or an unreasonable application of, clearly established federal law.

The Supreme Court precedent governing ineffective assistance of counsel claims is the two-pronged standard enunciated by *Strickland v. Washington*, 466 U.S. 668 (1984), and its progeny. *See Wiggins v. Smith*, 539 U.S. 510 (2003). Under the first *Strickland* prong, a petitioner must demonstrate

6

that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland*, 466 U.S. at 688. Under the second *Strickland* prong, a petitioner must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Id.* A court can choose to address the prejudice prong before the deficient performance prong, and reject an ineffective assistance of counsel claim solely on the ground that the defendant was not prejudiced. *See Strickland*, 466 U.S. at 698.

In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. *See Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987). Although not insurmountable, the *Strickland* standard is highly demanding and leads to a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

With respect to the first prong of the § 2254(d)(1) inquiry, a "state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court precedent, or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from that reached by the Supreme Court." *Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013). Since the Delaware Superior Court correctly identified the *Strickland* standard applicable to Claim One in this case, the Superior Court's decision was not contrary to *Strickland*. *See Williams*, 529 U.S. at 406 ("[A] run-of-the-mill

state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case [does] not fit comfortably within § 2254(d)(1)'s 'contrary to' clause").

The Court must also determine if the Superior Court reasonably applied the *Strickland* standard to the facts of Petitioner's case. When performing the second prong of the § 2254(d) inquiry, the Court must review the Superior Court's decision with respect to Petitioner's ineffective assistance of counsel claim through a "doubly deferential" lens.[2] *See Richter*, 562 U.S. at 105. The relevant question when analyzing counsel's performance under the "doubly deferential lens" "is not whether counsel's actions were reasonable, [but rather] whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* In turn, when assessing prejudice under *Strickland*, the question is "whether it is reasonably likely the result would have been different" but for counsel's performance, and the "likelihood of a different result must be substantial, not just conceivable." *Id.* Finally, when viewing a state court's determination that a *Strickland* claim lacks merit through the lens of § 2254(d), federal habeas relief is precluded "so long as fairminded jurists could disagree on the correctness of the state court's decision." *Id.* at 101.

The Delaware Supreme Court made the following factual determinations in Petitioner's post-conviction appeal:

> This Court previously rejected [on direct appeal] [Petitioner's] claim that the police searched the apartment he shared with his co-defendant on October 13, 2010 without a warrant. Contrary to [Petitioner's] contention that the police did not obtain a warrant until October 14,

---

[2]As explained by the *Richter* Court,

> [t]he standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is doubly so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).

562 U.S. at 105 (internal citations omitted).

8

> 2010, the record reflects that the police obtained a search warrant for the apartment on October 12, 2010, searched the apartment, obtained another search warrant for the apartment on October 14, 2010, and searched the apartment again.

*Kanda*, 2015 WL518830, at *2-3. Petitioner has not provided, and the record does not contain, any clear and convincing evidence rebutting the Delaware Supreme Court's determination that the October 13, 2010 police search of Petitioner's apartment was conducted pursuant to the warrant obtained on October 12, 2010. For instance, although Petitioner has provided a copy of a search warrant dated October 12, 2010 with the residence address crossed out and the vehicle description handwritten in above it, the State has provided a copy of a search warrant dated October 12, 2010 without the scratched-out apartment address and without the handwritten addition of the vehicle description. (D.I. 10-12 at 1-4) The record also contains the trial transcript containing the arresting officer's testimony that the October 13, 2010 search of the apartment was performed pursuant to the October 12, 2010 search warrant. (D.I. 10-2 at 43) Based on the foregoing, the Court accepts as correct the Delaware Supreme Court's finding that the October 13, 2010 police search of Petitioner's apartment was conducted pursuant to a warrant.

The Court further concludes that the Delaware Supreme Court did not unreasonably apply *Strickland* when denying Claim Two. It is well-settled that an attorney does not perform deficiently by failing to raise meritless arguments or objections. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). Since the police obtained a warrant prior to their search of Petitioner's apartment on October 13, 2010, defense counsel's failure to file a motion to suppress the evidence on the basis that the October 13, 2010 search was performed without a warrant does not amount to ineffective assistance. Therefore, the Court will deny Claim Two for failing to satisfy § 2254(d).

## V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition does not warrant relief. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## VI. CONCLUSION

For the reasons discussed, the Court concludes that the Petition must be denied. An appropriate Order will be entered.